UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x
ERNESTO MURRAY

                         Plaintiff,

            -against-

THE CITY OF NEW YORK; OFFICER PHILLIP
HUNTER, SHIELD #4414; INVESTIGATOR SCOTT
THOMPSON, SHIELD #002109, OFFICER HUNTER,
SHIELD #4414, OFFICER MCGOVERN, SHIELD #
12568, OFFICER ANDERSON, SHIELD # 15393,
CAPTAIN ROBINSON, SHIELD # 1282

                         Defendants,
------------------------------------------------------------------------ x

PLAINTIFF'S FIRST AMENDED COMPLAINT AND JURY DEMAND

Plaintiff ERNESTO MURRAY, by his attorneys, Stoll, Glickman & Bellina, LLP, for his complaint alleges as follows:

## PRELIMINARY STATEMENT

1. This is a civil rights action in which plaintiff seeks relief through 42 U.S.C. §1983 for the violation of his Fourth and Fourteenth Amendment rights.

2. The claim arises from a July 31, 2011 incident in which Officers of the New York City Department of Correction ("DOC"), acting under color of state law, intentionally and willfully subjected plaintiff to, among other things, assault, battery, false arrest, and false imprisonment.

3. Plaintiff seeks monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action arises under the Fourth and Fourteenth Amendments to the United States Constitution and under 42 U.S.C. §1983 and §1988 and the laws and Constitution of the State of New York.

5. The jurisdiction of this court is predicated upon 28 U.S.C. §§ 1331, 1343(a)(3) and (4), 1367(a) and the doctrine of pendent jurisdiction.

**VENUE**

6. Venue is laid within the Southern District of New York in that Defendant City of New York is located within and a substantial part of the events giving rise to the claim occurred within the boundaries of the Southern District.

**PARTIES**

7. Plaintiff resided at all times here relevant in Bronx County, City and State of New York.

8. The City of New York (or "the City") is a municipal corporation organized under the laws of the State of New York. At all times relevant hereto, Defendant City, acting through the New York Department of Correction (or "DOC"), was responsible for the policy, practice, supervision, implementation, and conduct of all DOC matters and was responsible for the appointment, training, supervision, discipline and retention and conduct of all DOC personnel. In addition, senior officials in the Department are aware of and tolerate certain practices by subordinate employees in the jails, regardless of whether they are acting according to written policy. These practices, which are wide-spread, long-tolerated and uncorrected are deeply embedded in the DOC culture and therefore constitute unwritten policies or customs. In addition, at all times here relevant, Defendant City was responsible for enforcing the rules of the DOC, and for ensuring that the DOC personnel obey the laws of the United States and the State of New York.

9. Officer Phillip Hunter, Shield #4414, Investigator Scott Thompson, Shield #002109, Officer Hunter, Shield #4414, Officer Mcgovern, Shield # 12568, Officer Anderson, Shield #

15393, and Captain Robinson, Shield # 1282, were at all times here relevant, correction officers of the DOC, and as such were acting in the capacity of an agent, servant and employee of the City of New York. On information and belief, at all times relevant hereto, the defendant Correction Officers were involved in the assault and/or false arrest committed against plaintiff. Defendant Officer Phillip Hunter, Shield #4414, Investigator Scott Thompson, Shield #002109, Officer Hunter, Shield #4414, Officer Mcgovern, Shield # 12568, Officer Anderson, Shield # 15393, and Captain Robinson, Shield # 1282, are sued in their individual capacities.

## FACTUAL ALLEGATIONS

10. On July 31, 2011, at approximately 1:40 AM plaintiff was being held in the custody of the DOC in Bronx Central Booking awaiting arraignment.

11. Plaintiff was being held in a cell along with approximately 40-50 other prisoners.

12. The Court was closed for the night. Accordingly no arraignments would take place until the following morning.

13. Nevertheless, defendant Correction Officers ordered plaintiff and the other prisoners to stand up and get ready for court.

14. Many of the prisoners complained about being woken up for no apparent reason.

15. Plaintiff initially refused the order to get up, telling the officers that court was closed.

16. Defendants ordered plaintiff to place his hands against the wall.

17. Plaintiff complied with defendants' instructions.

18. Defendants approached plaintiff and questioned him about his comment.

19. Defendants punched plaintiff in his back and his head, causing him to fall to the floor.

20. Defendants hit and kicked plaintiff multiple times while he was on the floor.

21. Plaintiff at no time attempted to hit the officers.

22. Following the assault committed against plaintiff, the officers moved plaintiff to a different area.

23. Plaintiff was bleeding from his head.

24. Plaintiff requested to be taken to the hospital.

25. Defendants refused plaintiff's requests to be taken to the hospital.

26. At or around 7 am different correction officers came on duty as a result of a shift change.

27. Following the shift change, plaintiff was taken to North Central Bronx Hospital, where he received medical treatment including a staple to repair the laceration to his head.

28. Plaintiff also suffered numerous cuts and bruises.

29. Plaintiff was then returned to Central Booking where he was finally arraigned.

30. In order to cover up the assault committed against plaintiff, defendants claimed that plaintiff assaulted defendant Hunter.

31. Plaintiff returned to Court on August 18, 2011 for his next appearance on his original arrest.

32. Following his court appearance, plaintiff was released.

33. As plaintiff was exiting the court room, Defendant Thompson arrested plaintiff.

34. Plaintiff was removed from the courthouse, taken to a precinct for his arrest to be processed, and then return to the courthouse for arraignment.

35. Plaintiff was held in custody until he was ultimately released on his own recognizance following arraignment on the new charge.

36. Plaintiff was charged with Assault in the 2nd and 3rd degree, Resisting arrest, and Harassment in the second degree as a result of the allegations of defendants.

37. These charges were brought against plaintiff even though defendants lacked probable cause to believe that any crime had been committed by plaintiff.

38. All charges against plaintiff related to this incident were dismissed.

39. At all times during the events described above, the defendant police officers were engaged in a joint venture and formed an agreement to violate plaintiff's rights. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events. They failed to intervene in the obviously illegal actions of their fellow officers against plaintiff.

40. During all of the events above described, defendants acted maliciously and with intent to injure plaintiff.

## DAMAGES

41. As a direct and proximate result of the acts of defendants, plaintiff suffered the following injuries and damages:

   a. Violation of his rights pursuant to the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure of his person;

   b. Violation of his rights to Due Process of Law under the Fourteenth Amendments to the United Stated Constitution;

   c. Physical pain and suffering:

   d. Emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety;

   e. Loss of liberty.

## FIRST CAUSE OF ACTION
(42 U.S.C. § 1983)

42. The above paragraphs are here incorporated by reference.

43. The defendants have deprived plaintiff of his civil, constitutional and statutory rights under color of law and have conspired to deprive him of such rights and are liable to plaintiff under 42 USC § 1983.

44. Defendants' conduct deprived plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution. Defendants' conduct also deprived plaintiff of his right to due process of law, pursuant to the Fourteenth Amendment of the United States Constitution.

45. Defendants assaulted, falsely arrested, and maliciously prosecuted plaintiff and failed to intervene in each other's obviously illegal actions.

46. Defendants also acted with deliberate indifference to plaintiffs' need for medical attention.

47. Plaintiff has been damaged as a result of defendants' wrongful acts.

## SECOND CAUSE OF ACTION
(MUNICIPAL AND SUPERVISORY LIABILITY)

48. The above paragraphs are here incorporated by reference.

49. The City of New York is liable for the damages suffered by plaintiff as a result of the conduct of their employees, agents, and servants.

50. The aforesaid event was not an isolated incident. The City of New York has been aware for some time (from lawsuits, notices of claim, inmate complaints, internal investigations, etc.) that many of their correction officers utilize excessive force against prisoners and/or bring false allegations to justify their uses of force. The City of New York fails to discipline officers for using excessive force or making false statements which lead to false allegations and false

arrests.

51. The investigatory body responsible for monitoring officer behavior, the Inspector General's office, also wrongfully allows officers to write their own reports, rather than interviewing officers individually, although inmates are only interviewed individually. The City of New York is aware that all of the aforementioned has resulted in violations of citizens' constitutional rights. Despite such notice, defendants have failed to take corrective action. This failure and these policies caused the officers in the present case to violate plaintiff's civil and constitutional rights, without fear of reprisal.

52. The City of New York knew or should have known that the officers who caused plaintiff's injury had a propensity for the type of conduct that took place in this case. Nevertheless, the City of New York failed to take corrective action. Without proper supervision not only is this abusive behavior ignored, it is condoned.

53. The City of New York has failed to take the steps to discipline, train, supervise or otherwise correct the improper, illegal conduct of the individual defendants in this and in similar cases involving misconduct.

54. The City of New York, despite an increase in the amount of lawsuits filed, the amounts paid out in settlement and the amounts spent on litigation costs, fail to review litigation stemming from misconduct by correction officers for patterns, practices and personnel which are likely to cause citizens' constitutional violations. By ignoring these patterns, practices and personnel which are the sources of constitutional violations, the City is liable under municipal liability.

55. The above described policies and customs demonstrated a deliberate indifference on the part of policymakers of the City of New York to the constitutional rights of persons within New

York City, and were the cause of the violations of plaintiff's rights here alleged.

56. The City of New York has damaged plaintiff by their failure to properly train, supervise, discipline, review, remove, or correct the illegal and improper acts of their employees, agents or servants in this and in similar cases involving officer misconduct.

57. Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the City of New York.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally, as follows:

A. In favor of plaintiff in an amount to be determined by a jury for each of plaintiff's causes of action;

B. Awarding plaintiff punitive damages in an amount to be determined by a jury;

C. Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action; and

D. Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED: April 17, 2014
       Brooklyn, New York

Respectfully yours,

*/s/ Nicholas Mindicino*

By: Nicholas Mindicino, Esq.
Stoll, Glickman & Bellina, LLP
Attorneys for Plaintiff
475 Atlantic Avenue
Brooklyn, NY  11217
P: (718) 852-3710
F: (718) 852-3586
NMindicino@stollglickman.com

TO:   New York City
Corporation Counsel Office
100 Church Street
New York, NY  10007

Officer Phillip Hunter, Shield #4414
DOC Bronx Court Section
215 E 161st Street
Bronx NY 10451

Inv. Scott Thompson, Shield #002109
DOC Bronx Court Section
215 E 161st Street
Bronx NY 10451

Officer Hunter, Shield #4414
DOC Bronx Court Section
215 E 161st Street
Bronx NY 10451

Officer Mcgovern, Shield # 12568
DOC Bronx Court Section
215 E 161st Street
Bronx NY 10451

Officer Anderson, Shield # 15393
DOC Bronx Court Section
215 E 161st Street
Bronx NY 10451

Captain Robinson, Shield # 1282
DOC Bronx Court Section
215 E 161st Street
Bronx NY 10451